[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10987
Non-Argument Calendar

_____

D.C. Docket No. 0:15-cr-60219-RLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGELIO BETANCOURT,
a.k.a. Roy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 24, 2017)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Rogelio Betancourt appeals his 90-month sentence, imposed below the

advisory guideline range, after pleading guilty to conspiracy to possess with intent

to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§

841(a)(1), (b)(1)(A)(viii), 846.  On appeal, Betancourt argues that the district court clearly erred in finding he did not prove his entitlement to a mitigating role adjustment.  After thorough review, we affirm.

We review a district court's denial of a role reduction for clear error.  United States v. De Varon, 175 F.3d 930, 938 (11th Cir. 1999) (en banc).  Clear error review is deferential, and "we will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been committed." United States v. Ghertler, 605 F.3d 1256, 1267 (11th Cir. 2010) (quotations omitted).  The district court's "choice between two permissible views of the evidence" concerning the defendant's role in the offense will rarely constitute clear error "[s]o long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law."  De Varon, 175 F.3d at 945 (quotation and emphasis omitted).  The defendant bears the burden of establishing his minor role by a preponderance of the evidence.  Id. at 939.

The sentencing guidelines provide for a four-level downward adjustment where a defendant was "a minimal participant in any criminal activity," a two-level downward adjustment where a defendant was a "minor participant in any criminal activity," and a three-level downward adjustment in cases falling between these two scenarios.  U.S.S.G. § 3B1.2(a), (b).  The purpose of this section of the guidelines is to "provide[] a range of adjustments for a defendant who plays a part

2

in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." Id. § 3B1.2, comment. (n.3(A)). A "minimal participant" is one who is "plainly among the least culpable of those involved in the conduct of a group," which may be evidenced by the participant's lack of knowledge of the scope of the enterprise and others' activities within it. Id. § 3B1.2, comment. (n.4). A "minor participant" is one who is "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." Id. § 3B1.2, comment. (n.5).

In determining whether a role adjustment is applicable, the district court: (1) must compare the defendant's role against the relevant conduct for which he was held accountable, and (2) may also measure the defendant's role against the other discernable participants in that relevant conduct. De Varon, 175 F.3d at 945. Whether a defendant is a minimal or minor participant is "heavily dependent upon the facts." U.S.S.G. § 3B1.2, comment. (n.3(C)). In determining which subsection applies, if either, the district court considers the degree to which the defendant understood the scope and structure of the criminal activity, participated in planning or organizing the criminal activity, exercised decision-making authority, and stood to gain from the transaction, as well as the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed, and the defendant's responsibility and discretion in

3

performing them.  Id.; see also De Varon, 175 F.3d at 945 (instructing courts to consider similar factors in drug courier context).  We've rejected a test that "would require sentencing courts to regard the least culpable member of any conspiracy as a minor participant, regardless of the extent of that member's participation." United States v. Stanley, 739 F.3d 633, 655 (11th Cir. 2014) (quotation omitted).

In this case, the district court did not clearly err in denying Betancourt's request for even a two-level minor role reduction.  As for the first prong of the De Varon test, Betancourt was involved with the full amount of methamphetamine for which he was held accountable, and his role with regard to his relevant conduct was not minor.  As the record shows, Betancourt made the arrangements for the courier involved in the transaction, Jorge Maldonado, to receive the methamphetamine, was in communication with Maldonado on the morning of the transaction, and confirmed over the phone to Maldonado, when the buyer asked, that the candy in the bag Maldonado delivered was in fact methamphetamine.  De Varon, 175 F.3d at 945.

As for the second prong, Betancourt did not have a minor role in comparison to other persons involved in this relevant conduct, and the record does not suggest that he was "less culpable than most other participants in the criminal activity." Id.; U.S.S.G. § 3B1.2, comment. (n.5).  While the record reveals little about the role that Betancourt's brother played, it supports the district court's finding that

4

Betancourt was more culpable than Maldonado.  Even if Betancourt did not recruit Maldonado, the record shows that he told Maldonado where to go and what to do, and that he was the person Maldonado called for information at a key point in the transaction.  It also shows that Betancourt arranged for Maldonado to get the methamphetamine and provided Maldonado the contact information for the methamphetamine broker.  These facts support the denial of a minor role adjustment because, among other things, they show that Betancourt understood the scope and structure of the criminal activity in which he was involved, helped plan it, and exercised some degree of authority over it.  See U.S.S.G. § 3B1.2, comment. (n.3(C)).  Accordingly, we affirm.

**AFFIRMED**.